QUESTION: Are state employees who have been employed for less than ten years by the state but who have more than ten years of combined state and school district employment entitled to the terminal incentive pay for accumulated and unused sick leave prescribed by s. 112.20, F.S.?
SUMMARY: Pending legislative or judicial clarification, a state employee is entitled to terminal incentive pay for accumulated and unused sick leave under s. 112.20, F.S., only after ten years of creditable state employment; and ten years of combined service as an employee of a school district and of the state is insufficient. Under s. 112.20(1), supra, (adopted in 1973 by Ch. 73-312, Laws of Florida), all state legislative branches, departments, and agencies which have the authority to establish or approve personnel policies for employees and to employ personnel and establish the conditions of their employment . . . shall establish policies to provide terminal "incentive" pay for accumulated and unused sick leave to each employee upon normal or regular retirement . . . provided such retirement, termination or death occurs after ten years of creditable state employment. (Emphasis supplied.) As noted in your letter, employment in the district school system (and, before that, in the county school system) in either an administrative or teaching position is not ordinarily deemed to be "state" employment; and for many years the laws of this state provided for separate retirement systems for state and county officers and employees, Ch. 122, F.S., and for administrative and instructional personnel in the public school system, Ch. 238, id. Under the new Florida Retirement System Act, Ch. 121, id., new county and district school board employees are required to participate in the state retirement system, s.121.051(1); and employees participating in one of the old systems were authorized to transfer to the new system and could receive credit for years of past service in the appropriate circumstances. Section 121.021. However, the statute here in question is only incidentally related to retirement, in that the benefits prescribed therein are payable upon retirement or termination of employment. Its purpose is to provide an incentive for the accumulation of sick leave by requiring the designated state agencies to establish rules and policies permitting terminal pay to their employees for sick leave equal to one-eighth of all unused sick leave credit accumulated prior to the effective date of the act (July 1, 1973), plus one-fourth of all unused sick leave credits (up to sixty days) accumulated after October 1, 1973. (It might be noted that "incentive" terminal sick leave pay has long been provided for the instructional staff of the public school system. See s. 231.40, F.S.) The title to Ch. 73-312, supra, declares unequivocally that it is "AN ACT relating to state employees . . . ." And the statutory condition which must be met to entitle a state employee to terminal sick leave pay is ten years of creditable "state employment." As these words are ordinarily and commonly used, this would mean employment by the state and not by a county or city or school district. It has been so interpreted by the Department of Administration in establishing uniform attendance and leave policies for all nonexempt state career service employees as authorized by s. 110.022(1)(e), F.S. See Fla. Adm. Rule 22A-08.11D, providing that an employee "who has less than ten years of creditable service with the state and separates from state government for any reason shall forfeit all unused sick leave credits." (Emphasis supplied.) In light of this administrative interpretation, and pending legislative or judicial clarification, your question must be answered in the negative.